UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JANET KEENE STEED, § | |
| § | |
| Appellant, § | |
| VS. § | CIVIL ACTION NO. C-09-31 |
| § | |
| CHARTER BANK, § | |
| § | |
| Appellee. § | |

## ORDER

On this day came on to be considered Janet Keene Steed's appeal from a final order from the United States Bankruptcy Court in the Southern District of Texas. (Case No. 2:09-cv-31; Bankr. Adv. Proc. 08-02032.) Specifically, Steed appeals the Order Denying Plaintiff's Request for Injunctive Relief, entered on February 9, 2009. (Bankr. Adv. Proc., D.E. 22.) Appellant Steed does not request oral argument and Appellee Charter Bank states that oral argument is "unnecessary" given that the appeal "involves a simple factual dispute between two witnesses" and further notes that the appeal "is believed to be worth only approximately $6000." (D.E. 6.) Upon careful examination of the briefs and record, the Court has determined that oral argument is not needed because "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8012. Therefore, the Court orders as follows:

### I. Jurisdiction

This Court has jurisdiction to hear this appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees." 28

U.S.C. § 158(a).  A "final" order in a bankruptcy case is any order that "ends a discrete judicial unit in the larger case." Smith v. Revie, 817 F.2d 365, 367-68 (5th Cir. 1987).

## II. Standard of Review

The findings of fact made by the Bankruptcy Court will not be disturbed unless found by the district court to be clearly erroneous. Fed. R. Bank. P. 8013.

## III. Factual and Procedural Background

On February 8, 2008, Janet Steed filed a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. (Case No. 08-20072; D.E. 1.)  The trustee moved to dismiss the Chapter 13 case on September 3, 2008, which the Bankruptcy Court granted on September 26, 2008.  (Case No. 08-20072; D.E. 34; D.E. 49).  Steed then filed a second bankruptcy case on October 10, 2008.  (Case No. 08-20576-C-13.)

On September 24, 2008, while the first action was pending, Steed, doing business as The Five Shells, Inc., filed an adversary proceeding against Charter Bank.  (Bankr. Adv. Proc. 08-02032; D.E. 1.)  She sought injunctive relief to enjoin Charter Bank from foreclosing on six rings, including one garnet ring with eight diamonds, four gold wedding/anniversary rings surrounded with diamonds, and one large diamond ring with side diamonds. (Bankr. Adv. Proc. 08-02032; D.E. 29, Ex. 2.)  Steed argued that these rings should be returned to her because they were not provided to Charter Bank as collateral for obligations owed to Charter Bank by Steed and The Five Shells; rather, they were exempt as Steed's own personal property. (Bankr. Adv. Proc. 08-02032; D.E. 29, Ex. 2, p. 3-4; D.E. 22.)

On November 10, 2008, the Bankruptcy Court held a hearing regarding the status of these six rings. (Bankr. Adv. Proc. 08-02032; D.E. 16). The Bankruptcy Court ordered that Steed's request for injunctive relief be denied and dismissed the adversary proceeding with prejudice. (Bankr. Adv. Proc. 08-02032; D.E. 22.) The Bankruptcy Court explained:

> "The Court finds that the preponderance of the evidence is that the Jewelry was offered to the Bank by the Debtor (and Five Shells) as collateral for loan obligations owed to the Bank. The Jewelry was placed in a business safe deposit box at the Bank although the Debtor also had a personal safe deposit box at the Bank. The Court finds that the Jewelry was offered to the Bank by the Debtor as collateral for loans it made to the Debtor and/or Five Shells, and is therefore collateral for these loans owed to the Bank. There was no agreement between the Debtor and the Bank for the Bank to return the Jewelry to the Debtor."
> In light of the foregoing, the Debtor is not entitled to any of the injunctive (or any other) relief sought by her in this adversary proceeding. Accordingly all of the relief requested by her in this adversary proceeding is denied."

(Bankr. Adv. Proc. 08-02032; D.E. 22.)

On February 18, 2009, Steed filed a notice of appeal in this Court of the Bankruptcy Court's order denying Steed's request for injunctive relief. (D.E. 1) Steed contends that the issues on appeal are whether the Bankruptcy Court erred in:

(1) finding that Plaintiff's personal jewelry, which she claimed was exempt, was offered to Charter Bank by Plaintiff for the loan obligations of The Five Shells, Inc.;

(2) ruling that Charter Bank had a valid security interest in Plaintiff's personal jewelry that was contained in the safe deposit boxes taken into the possession of Charter Bank on December 28, 2007; or alternatively, whether the Bankruptcy Court erred in ruling that Charter Bank's lien was enforceable against Plaintiff individually with respect

to her personal jewelry that was contained in the safe deposit boxes taken into the possession of Charter Bank on December 28, 2007;

(3) failing to strictly enforce the terms of the Agreed Order Granting Relief from Automatic Stay that entitled Charter Bank to retain the Plaintiff's jewelry used in the business of Five Shells, Inc., and returning to Plaintiff as exempt, her personal jewelry that was not used in the business of Five Shells, Inc.; and

(4) failing to allow Plaintiff to avoid Charter Bank's lien, if any, on Appellant's exempt personal property pursuant to 11 U.S.C. § 522(b).[1]

### IV. Analysis

    **a. Because the factual issue of whether the six rings were Steed's personal property was fully addressed by the Bankruptcy Court, the Bankruptcy Court's findings will not be disturbed unless clearly erroneous.**

This factual issue of whether the six rings were Steed's personal property or not was squarely addressed by the Bankruptcy Court during the November 10, 2008 hearing and in the February 9, 2009 Bankruptcy Court order.[2] Where an argument "simply

---

[1] Appellant Steed does not challenge the sufficiency of the evidence used by the Bankruptcy Court in determining that the rings were collateral for loans from Charter Bank and were not Steed's personal property. Even if she were challenging the sufficiency of the evidence, this Court notes that the evidence was sufficient for the Bankruptcy Court to make its factual findings. See infra sec. IV.

[2] From the November 10, 2008 Bankruptcy Court hearing:

> The Court: Well, is this all a factual question as to what at the time when she turned her personal jewelry over to the bank what her intent was?
>
> Mr Whittle [counsel for Steed]: Yes, sir. And what the bank understood. And then the fact that there was no follow through. If it was going to be pledged, they didn't do it right.
>
> …
>
> The Court: So do we just have a question of fact as to whether or not this was properly identified as separate property when it was placed in there?
>
> Mr. Dowling [counsel for Charter Bank]: That's correct.

boil[s] down to questions of witness credibility and the Bankruptcy Court's weighing of the evidence," this Court will not reweigh the evidence. In re Bradley, 501 F.3d 421, (5th Cir. 2007); In re Dennis, 330 F.3d 696, 701 (5th Cir. 2003) ("We must give due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.") "We are particularly mindful of the opportunity of the bankruptcy court to judge the credibility of witnesses. Moreover, when the bankruptcy court's weighing of the evidence is plausible in light of the record taken as a whole, a finding of clear error is precluded, even if we would have weighed the evidence differently." In re Bradley, 501 F.3d 421, 434 (5th Cir. 2007) (internal quotations and citations omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985).

> **b. The Bankruptcy Court's finding that the six rings were not Plaintiff's personal property was not clearly erroneous based on the available evidence.**

During the November 10, 2008 bankruptcy hearing, both Steed and Charter Bank presented evidence with respect to the six rings. (Bankr. Adv. Proc. 08-02032; D.E. 20.) Counsel for Steed asserted that the six rings were "personal jewelry" that was placed in the "same lockbox … as the business jewelry" (Id. at 5.) On direct examination, Steed testified that the banker agreed that the six rings were Steed's "personal jewelry" and that Steed "could have [them] back." (Id. at 18.) On cross examination, Steed admitted that she "also had some personal safe deposit boxes at the bank" (Id. at 18-19.) Nonetheless, Steed placed the rings in the safe deposit box holding the business jewelry. (Id.)

Via proffer, Frank Morrison, a representative of Charter Bank, testified that there was "no agreement" that Steed could have any property back. (Bankr. Adv. Proc. 08-

---

(Bankr. Adv. Proc. 02032; D.E. 20, p. 7, 12)

02032; D.E. 20, p. 27.)  Further, he testified that there was "no indication at any time by Mrs. Steed or anyone on her behalf that any of the jewelry that was given to the bank for collateral was anything other than  business collateral." (Id.)

After hearing this evidence, the Bankruptcy Court concluded that the rings were not Steed's personal property, and were offered by Steed to Charter Bank as collateral for her loan obligations. (Case No. 08-02032; D.E. 22.)   "Under the clearly erroneous standard of review, we will not set aside a finding of fact unless, based upon the entire record, we are left with a definite and firm conviction that a mistake has been committed. If the Bankruptcy Court's account of the evidence is plausible in light of the record viewed in its entirety, we will not reverse it.  Moreover, we must give due regard to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses." Matter of Coston, 991 F.2d 257, 261 (5th Cir. 1993).  Based on the conflicting testimony presented, the Bankruptcy Court's finding regarding the rings was not clearly erroneous. (Id.) Therefore, this Court must adopt as true the factual finding that the rings were not Steed's personal property.  Fed. R. Bank. P. 8013.

### c. Each of Steed's four arguments on appeal lack merit because all of them incorrectly presume that the rings were her personal property

#### i. Steed's first argument

Steed first argues that the Bankruptcy Court erred in finding that Plaintiff's exempt personal jewelry was offered to Charter Bank by Plaintiff for the loan obligations of The Five Shells, Inc.   This argument assumes that the rings were actually Steed's personal property; however, as explained above, this is not the case. See supra sec. IV(b). The Bankruptcy Court was within its discretion in finding that Steed offered the rings to

Charter Bank for the loan obligations of The Five Shells, Inc. Therefore, Steed's first argument on appeal is without merit.

### ii.  Steed's second argument

Similarly, the Bankruptcy Court did not err, as Steed argues it did, in finding that Charter Bank had a valid security interest in the rings. Id.  Again, the Bankruptcy Court found that the rings were not Steed's personal property; rather, they were given to Charter Bank as collateral for loan obligations owed to Charter Bank. (Bankr. Adv. Proc. 08-02032; D.E. 22, p. 2.)  Therefore, the Bankruptcy Court did not err in finding that the rings are "collateral for loans it made to the Debtor and/or Five Shells" and that Charter Bank had a valid security interest in the rings. (Id.)

### iii.  Steed's third argument

Steed next argues that the Bankruptcy Court erred in permitting Charter Bank to retain the rings under the Agreed Order Granting Relief From Automatic Stay, because the rings are Steed's personal property. (D.E. 4, p. 5; Bankr. Proc. 08-20072; D.E. 21, p. 1.)  This April 28, 2008 Order granted Charter Bank leave from the automatic stay "against property collaterized under … two notes executed by The Five Shells, Inc. and guaranteed by Debtor.  (Bankr. Proc. 08-20072; D.E. 21, p. 1.)  Steed contends that under this Order, Charter bank "only had authority … to retain and sell [jewelry] used in the Business of Five Shells, Inc." (D.E. 4, p. 11.)  This third argument, just as with her first two arguments, is premised on the assumption that the rings were Steed's personal property. (Id.)  They are not. (Bankr. Adv. Proc. 08-02032; D.E. 22, p. 2; see supra sec. IV(b))   Therefore, the Bankruptcy Court did not err in permitting Charter Bank to retain possession of the rings.  (Id.)

### iv. Steed's fourth argument

Lastly, Steed argues that she is entitled to avoid Charter Bank's lien on the rings pursuant to 11 U.S.C. § 522(b).  11 U.S.C. § 522(b) permits the exemption of "jewelry held primarily for the personal … use of the debtor…."  11 U.S.C. § 522(b)-(d).  11 U.S.C. § 522 does not entitle Steed to retain business property over which Charter Bank holds a valid lien.  Id.  Steed herself, in her brief in this appeal, acknowledges that Charter Bank had a "valid lien against 'All inventory … used or consumed in debtor's business.'" (D.E. 4, p. 8 citing Ex. 11.)  She argues that 11 U.S.C. § 522(b) exempts the rings because they are her own personal property.  (D.E. 4, p. 9-11.)  As this Court has already determined that the rings are not Steed's personal property, this argument lacks merit as well.  See supra sec. IV(b).

## V. Conclusion

For the reasons set forth above, this Court AFFIRMS the Bankruptcy Court's Order Denying Plaintiff's Request for Injunctive Relief in Adversary Proceeding No. 08-02032.  (Bankr. Adv. Proc. 08-02032, D.E. 22.)  Costs of appeal are to be taxed against Appellant Janet Keene Steed.  Fed. R. Bankr. P. 8014.

SIGNED and ORDERED this 23rd day of June, 2009.

_____
Janis Graham Jack
United States District Judge